UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JEREMY W. WILLIAMS,                                                                                  Plaintiff,

v.                                                                         Civil Action No. 3:16-cv-732-DJH

SALLY WELCH *et al.*,                                                                  Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motions for summary judgment filed by Defendant Richard W. Sanders (Docket No. 60) and by Defendants James Erwin, Sally Welch, and Mike McMahon (DN 62). *Pro se* Plaintiff Jeremy W. Williams filed responses to the motions (DNs 63 and 64), and Defendants Erwin, Welch, and McMahon filed a reply (DN 65). For the reasons that follow, the motions for summary judgment will be denied without prejudice.

### I. BACKGROUND

On March 22, 2005, Plaintiff pleaded guilty to first-degree sexual abuse and being a second-degree persistent felony offender in Hardin Circuit Court and was sentenced to serve five years "to run consecutively with any other sentence that [Plaintiff] may have or receive from any other court proceeding . . . , conditioned upon the [Plaintiff] stipulating to revocation on [two other criminal cases]. . . . " Plaintiff attaches to his complaint a "Judgment of Registration Designation" entered in his criminal action on July 11, 2005, which shows that he was adjudged guilty of committing a "sex crime" and was therefore "ordered to register with the appropriate local probation and parole official for a period of '10 Years' following [his] release by the court, the Parole Board, the Department of Corrections, or any detention facility."

Plaintiff claims that upon the completion of his sentence on February 8, 2012, Defendant Welch, a Kentucky Department of Corrections (KDOC) Offender Information Specialist, threatened him with reincarceration if he did not sign a "Kentucky Sex Offender Registrant Responsibility" form on which Defendant Welch had designated that Plaintiff was to be a "20 year registrant" instead of a "10 year registrant" even though Plaintiff told her that he was only required to be a registrant for 10 years and presented her with the Judgment of Registration Designation form entered in his criminal action in 2005. Plaintiff alleges that he signed the form presented to him by Defendant Welch, which stated that he was to be a 20-year registrant, "under duress."

Plaintiff alleges that he appealed his designation to the KDOC Offender Information Services to correct "the 20 year registration back to the original Ten (10) years he signed . . . [but the KDOC] and Offender Information Services refused to correct the administratively changed form . . . ." He attaches to his complaint a memorandum he received from a KDOC Offender Information Supervisor on July 16, 2013, which explained that the required period of registration for sex offenders had changed on July 12, 2006, and applied to any "sex offender released on or after that date."

Plaintiff also alleges that he informed Defendant McMahon, his parole officer, that his registration period was incorrect, but that Defendant McMahon refused to "correct" it. Plaintiff alleges that he showed Defendant McMahon both his Judgment of Registration Designation form from 2005 and a "Memorandum" entered in his criminal case on February 6, 2015, which read as follows:

> [Plaintiff] is concerned that the Kentucky State Police [KSP] are applying the incorrect standards to his residency restrictions. Changes made in 2006 as to residency restrictions have determined not to apply to defendants sentenced prior to that date. Commonwealth v. Baker, 295 S.W. 3d 437 (Ky. 2009). Ultimately,

any dispute about this is not actually part of the sentencing in this case. Should [Plaintiff] not agree with actions by the [KSP] with respect to his registration requirements, [Plaintiff] is obliged to address the dispute by way of a declaration of rights or a similar separate proceeding. There is simply no action for the Court to take at this time in this case. A copy of this Memorandum will be served by the Clerk to Officer Mike McMahan with Probation and Parole and to the KSP Sex Offender Registry so that they will be aware of the issue raised by [Plaintiff] . . . .

Plaintiff claims that Defendants are violating his rights under the First, Fifth, Eighth, and Fourteenth Amendments (Procedural and Substantive Due Process) of the U.S. Constitution, as well as the Ex Post Facto Clauses of both the U.S. and Kentucky Constitutions, based upon his designation as a sex offender, the requirement that he register as a sex offender, the public dissemination of this information about him, and his designation as a 20-year registrant instead of a 10-year registrant.

As relief, Plaintiff seeks removal from the sex offender registry, an order prohibiting officials from disclosing any information from the sex offender registry about him, and "any declaratory relief requested in statement of the claim(s)." The Court construed Plaintiff's claims for declaratory relief to be that his constitutional rights are being violated under the Kentucky Sex Offender Registration Act (SORA) by the requirement that he register as sex offender, the requirement that information about him as a registered sex offender be shared with the public, and by the application of the 2006 amendments to the Act to him, which lengthened the period of time he must register as sex offender from 10 years to 20 years.

By prior Memorandum and Order (DN 45), the Court addressed motions to dismiss filed by several Defendants and a prior motion for summary judgment filed by Defendants Welch and McMahon. The claims that survived the motions were Plaintiff's claims for violation of the First, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution and the Ex Post Facto Clauses of the U.S. and Kentucky Constitutions against Defendants Erwin, Sanders, and

3

McMahon, and a claim for violation of the state Ex Post Facto Clause against Defendant Welch. The surviving claims are against Defendants in their official capacities for equitable relief.

## II. STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient

showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id*. (internal quotation marks omitted).

### III. ANALYSIS

The Kentucky SORA, Ky. Rev. Stat. §§ 17.500 to 17.580, was first enacted in 1994. It has been amended on several occasions. The 2000 version of the Act, which was in effect when Plaintiff was convicted of the relevant crimes in 2005, provided as follows: "A registrant, upon his or her release by the court, the Parole Board, the cabinet, or any detention facility, shall be required to register for a period of time under this section." Ky. Rev. Stat. § 17.520 (1) (2000 Kentucky Code Archive). This section required lifetime registration for persons convicted of certain crimes and then provided as follows: "All other registrants are required to register for ten (10) years following discharge from confinement or ten (10) years following the maximum discharge date on probation, shock probation, conditional discharge, parole, or other form of early release, whichever period is greater." Ky. Rev. Stat. § 17.520 (2) & (3) (2000 Kentucky Code Archive). The Kentucky General Assembly amended this section of the Act in 2006. This version of the Act required lifetime registration for specific crimes and 20-year registration for all other crimes. *Id*. (2006 Kentucky Code Archive). In this action, there can be no dispute that Plaintiff was convicted of a "sex crime" in 2005 which required registration for a 10-year period under the 2000 version of the Act and registration for a 20-year period under the 2006 version of the Act.

As indicated in the "Memorandum" entered in Defendant's criminal case in February 2015, the 2006 version of the Act also added new "residency restrictions" for individuals who were required to register under SORA. However, in 2009, the Kentucky Supreme Court concluded that these "residency restrictions" violated the Ex Post Facto Clauses of both the

5

United States and Kentucky Constitutions and certified that they may not be constitutionally applied to individuals who committed their crimes prior to July 12, 2006, the effective date of the statute. *Commonwealth v. Baker*, 295 S.W.3d 437 (Ky. 2009).

In the motion for summary judgment filed by Defendant Sanders, he argues that the Kentucky SORA does not violate the United States or Kentucky Constitutions. He points to the Kentucky Supreme Court's decision in *Commonwealth v. Thompson*, 548 S.W.3d 881 (Ky. 2018), for finding that "[a]fter considering the post-2006 revisions to the Kentucky sex offender registration system, we reaffirm our prior holdings in *Hyatt* and *Buck* that the system remains a nonpunitive measure designed for the protection of the public." However, the *Thompson* case does not address the *retroactive* application of the 2006 amendment to SORA, which as the Court pointed out in its prior Memorandum and Order (DN 45), is what Plaintiff is asserting here.

As the Court observed in its prior Memorandum and Order, the Kentucky Supreme Court's decision in *Buck v. Commonwealth*, 308 S.W.3d 661 (Ky. 2010), held that the 2006 amendments to SORA which made failing to register under SORA a felony instead of a misdemeanor did not constitute Ex Post Facto punishment as to the defendant, who had committed his original qualifying crime prior to the 2006 amendments, because "'[a]ny potential punishment arising from the violation of SORA is totally prospective and is not punishment for past criminal behavior.'" *Id.* at 667 (quoting *Hyatt v. Commonwealth*, 72 S.W.3d 556, 572 (Ky. 2002). However, at the end of its analysis, the *Buck* court specifically noted that although the defendant pointed "to the increased length of registration (10 years increased to 20 years for non-lifetime registrants)" in support of his argument that the 2006 amendments to the registry requirements were unconstitutional, he "*has not demonstrated that this increased registration*

6

*period is being applied retroactively.*" *Id.* at 668. This, of course, is precisely one of Plaintiff's claims in this action. The cases cited by Defendant Sanders in his motion for summary judgment do not squarely address the issue.

A recent Kentucky Court of Appeals opinion decided after the briefing was completed in this case, however, addressed the issue. In *Jeffries v. Justice and Pub. Safety Cabinet*, No. 2018-CA-001322-MR, 2019 Ky. App. LEXIS 158 (Ky. Ct. App. Aug. 23, 2019), the plaintiff was convicted of murder and first-degree rape in June 1997 when he was fifteen years old. *Id.* at *1. When he was released from prison in 2017, he was required to register as a sex offender under the version of SORA in effect at that time. *Id.* The plaintiff challenged his requirement to register as a sex offender on grounds that "SORA's retroactive application to him violated both the Kentucky and United States Constitutions as it was an ex post facto law, was cruel and unusual punishment, and because the registration requirement was not rationally related to a legitimate governmental interest." *Id.* at *3-4. The Kentucky Court of Appeals rejected the plaintiff's arguments and found that the retroactive application of SORA was constitutional. *Id.* at *21-22.

The holding in that case appears to warrant dismissal of at least some of Plaintiff's constitutional claims against all Defendants. However, a review of the Kentucky Supreme Court's case information website shows that a motion for discretionary review is pending in the *Jeffries* case. *See* https://appellate.kycourts.net/SC/SCDockets/CaseDetails.aspx?cn=2019SC000577. The Court is reluctant to enter summary judgment on the issue before the Kentucky Supreme Court either denies the motion for discretionary review or takes up the matter. Therefore, the Court will deny the pending motions for summary judgment without prejudice to Defendants refiling of them after the Kentucky Supreme Court either denies

discretionary review or issues an opinion in the *Jeffries* case.  In addition, the Court notes that in its prior Memorandum and Order addressing Defendants' motions to dismiss on the federal and state constitutional claims, the Court observed that Defendants failed to cite any federal jurisprudence regarding the federal constitutional claims.  Defendants have again failed to do so.  In refiling their motions for summary judgment, the Court will allow Defendants to cite federal case law to support summary judgment on the federal constitutional claims.

**IV.**

Accordingly, **IT IS ORDERED** that the motions for summary judgment (DNs 60 and 62) are **DENIED** without prejudice as stated above.

Date:


cc: Plaintiff, *pro se*
 Counsel of record
4415.010